15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John H. JOHNSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1993.*
Decided Dec. 17, 1993.
 
 Before: LAY,** HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 John H. Johnson appeals the district court's entry of judgment for the United States of America after a bench trial on his claim for damages under the Federal Tort Claims Act. The district court entered judgment on partial findings pursuant to Federal Rule of Civil Procedure 52. We affirm.
 
 STANDARD OF REVIEW
 
 3
 Federal Rule of Civil Procedure 52 provides that findings of fact made by the district court may be reversed only if clearly erroneous.
 
 DISCUSSION
 
 4
 The district court found that Johnson did not show that either the Veterans' Administration or the Forest Service was negligent, Johnson assumed the risk of his injury, and Johnson's own negligence would bar recovery even if the Forest Service were negligent. Because we affirm on the first ground, it is unnecessary for us to address the other two grounds. Johnson does not appeal the district court's determination that the Veterans' Administration was not negligent.
 
 
 5
 Under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671, et seq. (1988 & Supp.1991), and the facts of this case, the negligence of the Forest Service is determined by California law. 28 U.S.C. Sec. 2674 (1988); Daly v. United States, 946 F.2d 1467, 1469 (9th Cir.1991). Under California law, a landowner must act reasonably in the management of its property in view of the probability of injury to others on the land. Rowland v. Christian, 443 P.2d 561, 568 (Cal.1968). A landowner would be negligent in failing to repair or warn of a known concealed condition likely to harm others. Id.
 
 
 6
 The district court recognized that Johnson could have established negligence by the Forest Service in two ways. First, he could have shown that the Forest Service failed to act reasonably in maintaining and supervising the property by failing to discover the rope swing. Second, he could have shown that the Forest Service knew of the danger created by the presence of the rope swing, but failed to remove it or warn of its existence.
 
 
 7
 Johnson did neither. He offered no evidence of what the Forest Service did or did not do to manage the property. It cannot be inferred from this lack of evidence that the Forest Service failed to exercise reasonable care to discover the alleged dangerous condition.
 
 
 8
 Nor did Johnson show that the Forest Service knew the rope swing existed and that it posed a danger to persons on the land. The only evidence Johnson introduced to establish the Forest Service's knowledge of the rope swing was that in 1979 there was a rope swing accident at the Forks Campground beach. It cannot be inferred from this incident that the rope from which Johnson swung and was injured in 1987 was the same rope involved in the campground accident some eight years earlier.
 
 
 9
 The district court did not clearly err in finding that the Forest Service was not negligent.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3